IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL LOPEZ<br><br>      Plaintiff,<br><br>vs.<br><br>NAVAJO EXPRESS, INC.<br>Serve:<br>Donald R. Digby, Jr., registered agent<br>1400 West 64th Avenue<br>Denver, Colorado 80221<br><br>and<br><br>EDMON SWIGER<br>Serve:<br>Edmon Swiger<br>658 Jemison St.<br>Mobile, Alabama 36606<br><br>      Defendants. | Case No: 3:22-cv-2199<br><br>JURY DEMANDED |

## COMPLAINT

**COMES NOW** Plaintiff, Angel Lopez (hereinafter "Plaintiff"), and for his cause of action against Defendants Navajo Express, Inc. (hereinafter "Navajo Express" or collectively as "Defendants") and Edmon Swiger (hereinafter "Swiger" or collectively as "Defendants") states as follows to the Court:

### GENERAL ALLEGATIONS

1. Plaintiff is a Kentucky citizen and resident.

2. At the present time, Defendant Navajo Express is a domestic corporation incorporated in the state of Colorado.

3. Defendant Swiger is an Alabama citizen and resident.

1

4. This cause of action arises out of a collision that occurred in Mount Vernon, Jefferson County, Illinois.

5. Defendant Navajo Express owned the tractor-trailer that Defendant Swiger was operating at the time of the collision.

6. At all times relevant to this case, Defendant Swiger was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant Navajo Express and was acting within the course and scope of his agency and/or employment.

7. At the time of the collision referenced in this complaint, Defendant Navajo Express was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8. Prior to September 28, 2020, Defendant Navajo Express had applied for operating authority from the Federal Motor Carrier Safety Administration.

9. As part of the process for applying for operating authority, Defendant Navajo Express filled out and executed an MCS-150 form.

10. As of September 28, 2020, Defendant Navajo Express had authority to operate in interstate transportation.

11. As of September 28, 2020, Defendant Navajo Express did not have authority to operate as a common carrier nor a broker.

12. At all times relevant herein and at the time of this crash, Defendant Navajo Express was a registered commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

13. At all times relevant herein and at the time of this crash, Defendant Navajo Express was acting individually and through its drivers, agents, servants, joint venturers, and/or employees,

each of whom were acting within the course and scope of their employment with Defendant Navajo Express.

14. At all times relevant herein and at the time of this crash, Defendant Swiger was operating a tractor-trailer in the course and scope of his employment and agency with Defendant Navajo Express.

15. Defendant Navajo Express is liable for all acts and omissions of Defendant Swiger while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

16. Defendant Navajo Express, and its agents, servants, employees, and drivers, including Defendant Swiger, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

17. In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer." 49 C.F.R. §390.5.

18. In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

19. At all times relevant to this case, Defendant Swiger was a driver of the Kenworth and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

20. In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

21. At all times relevant to this case, the tractor-trailer driven by Defendant Swiger was a semi-trailer and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

22. In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it. 49 C.F.R. §390.5.

23. At all times relevant to this case, Defendant Navajo Express was an "employer," as defined by the Motor Carrier Safety Regulations.

24. At the time of this incident and at all times herein mentioned, Defendant Swiger was operating the tractor-trailer as a driver for Defendant Navajo Express.

25. On or about September 28, 2020, at approximately 8:57 pm, Plaintiff was asleep in the sleeper compartment of his tractor-trailer that was parked at truck stop in Mount Vernon, Jefferson County, Illinois.

26. Defendant Swiger was operating his tractor-trailer on the right side of Plaintiff's parked tractor-trailer.

27. At that time and place, Defendant Swiger began to pull his tractor-trailer out of his parking spot on the right side of Plaintiff's tractor-trailer.

28. Defendant Swiger's tractor-trailer collided with front right of Plaintiff's tractor-

trailer.

29. This impact caused Plaintiff's to fall out of the sleeper compartment of his tractor-trailer.

30. Plaintiff did nothing negligent in the operation of his tractor-trailer to cause the collision.

31. The collision occurred because Defendant Swiger was driving carelessly.

32. The collision occurred because Defendant Swiger was driving imprudently.

33. The collision occurred because Defendant Swiger was inattentive in assuring he had adequate space to pull out of a parking spot.

34. At the time of the crash, the truck operated by Defendant Swiger bore the name of Defendant Navajo Express as well as its DOT number and/or MC (operating authority) number.

35. The negligence of Defendants Navajo Express and Swiger, directly and proximately, caused or contributed to cause injuries to Plaintiff's head resulting in pain and discomfort as well as a concussion.

36. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Navajo Express and Swiger, Plaintiff has incurred over $10,000.00 in medical bills due to reasonable and necessary medical treatment.

37. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Navajo Express and Swiger, Plaintiff will likely require future medical treatment and incur future medical bills.

38. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Navajo Express and Swiger, Plaintiff has incurred lost wages and will likely incur such in the future.

39. As a direct and proximate result of this crash and the direct and proximate result of

the negligence of Defendants Navajo Express and Swiger, Plaintiff has undergone injections in an effort to relieve the symptoms of the concussion.

40.    As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Navajo Express and Swiger, Plaintiff has suffered from pain and suffering and a loss of enjoyment of life and is reasonably likely to sustain such in the future.

### COUNT I – NEGLIGENCE AGAINST DEFENDANT SWIGER

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Swiger and further states:

41.    At the time of this crash, Defendant Swiger had a duty to exercise ordinary care at all times to avoid placing others in danger and to exercise ordinary care at all times to avoid a collision.

42.    At the time of this crash, Defendant Swiger negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

    a.  Failing to exercise ordinary care while operating his tractor-trailer;

    b.  Failing to keep a careful lookout;

    c.  Allowing his tractor-trailer to collide with the right front side of Plaintiff's tractor-trailer;

43.    At least one of the negligent acts or omissions by Defendant Swiger, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

44.    As a direct and proximate result of the negligence of Defendant Swiger, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

45. Defendant Swiger knew or should have known that his conduct as described herein created a high degree of probability of injury.

46. Defendant Swiger was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public.

47. The operation of the tractor-trailer by Defendant Swiger and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public.

48. The conduct of Defendant Swiger as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

### COUNT II –STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT NAVAJO EXPRESS, INC.

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further states:

49. Based upon all aforementioned allegations, Defendant Navajo Express Trucking Co. is vicariously liable for the negligence of Defendant Swiger based upon the doctrines of

statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

### COUNT III – VICARIOUS LIABILITY AGAINST DEFENDANT NAVAJO EXPRESS, INC.

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further states:

50. At all times relevant, Defendant Swiger was acting in the course and scope of his agency and/or employment with Defendant Navajo Express Trucking Co.

51. Based upon the prior allegations, Defendant Navajo Express Trucking Co. is vicariously liable for the negligence of Defendant Swiger based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

### COUNT IV – INDEPENDENT NEGLIGENCE AGAINST DEFENDANT NAVAJO EXPRESS, INC.

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further states:

52. At all times relevant, Defendant Navajo Express was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

53. Throughout its existence, Defendant Navajo Express has, or should have been,

aware of the existence of the Federal Motor Carrier Safety Regulations.

54.     As an interstate motor carrier, Defendant Navajo Express has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

55.     The various safety regulations included within Parts 390 – 397, of which Defendant Navajo Express had a duty to follow, include, but are not limited to, the following:

a. Defendant Navajo Express had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §390.11;

b. Defendant Navajo Express had a duty to not require or permit a driver, including Defendant Swiger, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3;

c. Defendant Navajo Express had a duty to not allow or permit a driver, including Defendant Swiger, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 C.F.R. §391.11.;

d. Defendant Navajo Express had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390. 490 C.F.R. §390.13;

e. Defendant Navajo Express had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Navajo Express a application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f. Defendant Navajo Express had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g. Defendant Navajo Express had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Swiger, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 C.F.R. §391.25;

h. Defendant Navajo Express had an independent duty require each of its drivers, including Defendant Swiger, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months. 49 C.F.R. §391.27;

9

  i. Defendant Navajo Express had an independent duty to prohibit its employees, including Defendant Swiger, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test. 40. C.F.R. §391.31;

  j. Defendant Navajo Express had an independent duty to ensure that its drivers, including Defendant Swiger, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations. 40 C.F.R. §391 – Subpart E; and

  k. Defendant Navajo Express had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Swiger on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

56. That Illinois has adopted Parts 390-397 of the Federal Motor Carrier Safety Regulations.

57. That Defendant Navajo Express had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

58. That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

59. That, at all times prior to the aforementioned collision, Defendant Navajo Express failed to have in place an adequate safety program.

60. As a result of its inadequate and/or inexistent safety program, Defendant Navajo Express violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

61. As a result of its inadequate and/or inexistent safety program, Defendant Navajo Express allowed its drivers, including Defendant Swiger, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

62. That Defendant Navajo Express' violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

63. Defendant Navajo Express was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

64. Defendant Navajo Express was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Swiger, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

65. As a direct and proximate result of the independent negligence of Defendant Navajo Express, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Petition.

66. Defendant Navajo Express knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff.

67. The conduct of Defendant Navajo Express as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public.

68. Because of Defendant Navajo Express's willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant Navajo Express and to deter others from similar conduct.

69. Defendant Navajo Express' reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

### COUNT V – DIRECT NEGLIGENCE AGAINST DEFENDANT NAVAJO EXPRESS TRUCKING CO. BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

70. At all times prior to the aforementioned collision, Defendant Navajo Express had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

71. Such duties include, but are not limited to:

   a. To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

   b. To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

12

    c. To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

    d. To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

    e. To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

    f. Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

    g. Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely. 49 C.F.R. §391.41(b)(6).

72. Defendant Navajo Express had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Illinois Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

73. Defendant Swiger was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

74. That, because of Defendant Swiger's aforementioned inadequacies, Defendant Navajo Express should not have hired him to operate a commercial motor vehicle.

75. That Defendant Navajo Express knew, or through the exercise of ordinary care should have known that Defendant Swiger was unqualified to safely operate a commercial motor vehicle.

76. That by failing to properly and adequately screen and investigate its drivers, including Defendant Swiger, before and during employment, Defendant Navajo Express violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically

identified in this count.

77. Had Defendant Navajo Express obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Swiger was unqualified to safely operate a commercial motor vehicle.

78. Defendant Swiger's negligent actions on the day of the collision with Plaintiff were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

79. Defendant Navajo Express' actions and omissions in hiring Defendant Swiger, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff resulting from the aforementioned motor vehicle collision.

80. Defendant Navajo Express' actions and omissions in hiring Defendant Swiger, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

81. Defendant Navajo Express' willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

### COUNT VI – DIRECT NEGLIGENCE AGAINST DEFENDANT NAVAJO EXPRESS TRUCKING CO. BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every

paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

82. Defendant Navajo Express owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Swiger, on the safe operation of a tractor-trailer.

83. Defendant Navajo Express failed to properly instruct Defendant Swiger on the safe operation of a tractor-trailer.

84. Defendant Navajo Express owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Swiger, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

85. At all times prior to the aforementioned collision, Defendant Navajo Express had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

86. Such duties include, but are not limited to:

   a. To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §380.109 and 49 C.F.R. §380.509;

   b. To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications. 49 C.F.R. §380.503; and

   c. To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505.

87. Defendant Navajo Express had a duty to properly instruct its drivers, including Defendant Swiger on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

88. Defendant Navajo Express failed to properly instruct Defendant Swiger on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

89. Defendant Navajo Express owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Swiger.

90. Defendant Navajo Express failed to provide adequate continuing safety courses to Defendant Swiger.

91. Defendant Navajo Express had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

92. Defendant Navajo Express breached its duty to the general public, including the Plaintiff, by its failing to properly train Defendant Swiger, Defendant Navajo Express' tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

93. Based on Defendant Swiger's driving history, inadequate experience, and training, Defendant Navajo Express knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

94. That Defendant Navajo Express was negligent in failing to properly train its drivers, including Defendant Swiger, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

95. That Defendant Navajo Express was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

96. That Defendant Swiger's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Navajo Express failed to properly train him in the

safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

97. These actions and omissions of Defendant Navajo Express relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

98. Defendant Navajo Express' willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

99. Plaintiff's injuries were directly and proximately caused by Defendant Navajo Express' breach of and failure to comply with its duty to properly train Defendant Swiger, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

**COUNT VII – DIRECT NEGLIGENCE AGAINST DEFENDANT NAVAJO EXPRESS TRUCKING CO. BASED UPON NEGLIGENT SUPERVISION**

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

100. Defendant Navajo Express owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

101. Defendant Navajo Express had a duty to not require or permit a driver, including Defendant Swiger, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3.

102. Defendant Navajo Express had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

103. Defendant Navajo Express had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

104. Defendant Navajo Express had a duty to maintain a driver qualification file for each driver it employs. 49 C.F.R. §391.51

105. Defendant Navajo Express had a duty to maintain a driver investigation history file for each driver it employs. 49 C.F.R. §391.53.

106. Defendant Navajo Express had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

107. Defendant Navajo Express had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law. 49 C.F.R. §392.6.

108. Defendant Navajo Express had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

109. Defendant Navajo Express breached its above listing duties to the general public,

including the Plaintiff, by its failing to properly supervise Defendant Swiger, Defendant Navajo Express' tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

110. Based on Defendant Swiger's driving history, lack of supervision and continued retention by his employer, Defendant Navajo Express knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

111. These actions and omissions of Defendant Navajo Express relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law.

112. Defendant Navajo Express' willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public.

113. Plaintiff's injuries were directly and proximately caused by Defendant Navajo Express's breach of and failure to comply with its duty to properly train Defendant Swiger, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant Swiger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) as is fair and reasonable to compensate plaintiff for his injuries, taxable costs, interest, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

By: <u>/s/ *Ryan Hatcher*</u>
  Ryan Hatcher, IL #6280175
  9807 S 40 Drive
  St. Louis, Missouri 63124
  Telephone:  314-444-4444
  Facsimile:  314-720-0744
  E-mail: ryan@schultzmyers.com
  **Attorney for Plaintiff Angel Lopez**